UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


BETTY J. PELFREY,                )
                                 )
    Plaintiff,                   )
                                 )
v.                               )   No. 3:10-CV-483
                                 )   (Phillips)
HOTEL PARTNERS, d/b/a GOVERNOR'S INN,  )
                                 )
    Defendant.                   )


## MEMORANDUM AND ORDER

Plaintiff has brought this action for injuries suffered when she slipped and fell while a guest of Governor's Inn in Sevierville, Tennessee on November 16, 2009. Defendant Hotel Partners has moved to dismiss plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted. Specifically, Hotel Partners argues that plaintiff may not amend her complaint to add a new defendant after the statute of limitations has expired. For the reasons which follow, defendant's motion to dismiss is denied.

## I. Background

Plaintiff initially filed suit against Smoky Mountain Resort Services LLC, and Smoky Mountain Resorts, Inc. on November 16, 2010. Plaintiff, a citizen and resident of Anderson, South Carolina, alleged that she was a guest at the Governor's Inn hotel in

Sevierville, Tennessee, on November 16, 2009 and that she fell and sustained injuries while exiting a recessed bathtub on the hotel premises. Plaintiff filed an Amended Complaint bringing Smoky Mountain Resorts a/k/a Governor's Inn into the case on January 24, 2011, based on her belief that Smoky Mountain Resorts was the correctly named owner of the Governor's Inn. On August 17, 2011, Smoky Mountain Resorts filed a motion for summary judgment naming Hotel Partners, LLC as the true owner of the Governor Inn. On March 22, 2012, Smoky Mountain Resorts filed a revised motion for summary judgment pointing out that Hotel Partners is a general partnership and not an LLC, but still maintaining that Hotel Partners is the actual owner of the Governor's Inn. On October 23, 2012, plaintiff filed a Second Amended Complaint dropping Smoky Mountain Resorts, Inc. and Smoky Mountain Resort Services, LLC from the case and adding Hotel Partners as a new defendant to this action.

## II. Positions of the Parties

Plaintiff filed a consolidated motion to amend and response to defendant's motion to dismiss [Doc. 34]. Defendant opposes the motion to amend. Where there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint. *See Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988). Both the motion to amend and the motion to dismiss relate to the sole issue the court must decide: May plaintiff amend her complaint to name the proper defendant such that it will relate back to the filing date of her original complaint under Rule 15(c) of the Federal Rules of Civil Procedure? For the reasons which follow, the court concludes that plaintiff may amend her complaint.

Defendant argues that Rule 15(c) does not permit the addition of new parties after the statute of limitations has run. Although Rule 15(c) provides amended complaints will relate back to the original complaint for statute of limitations purposes under certain circumstances, defendant argues that Rule 15 is inapplicable where a plaintiff attempts to add a defendant. Because plaintiff's amended complaint added Hotel Partners rather than substituting for Smoky Mountain Resort Services LLC, and Smoky Mountain Resorts, Inc. as defendant, her amended complaint did not receive the benefit of relation back under Rule 15. Plaintiff's Second Amended Complaint filed on October 23, 2012, as well as her proposed Third Amended Complaint seek to add Hotel Partners well after the statute of limitations has run. Therefore, defendant asserts that plaintiff's claims against Hotel Partners should be dismissed with prejudice.

Plaintiff admits she erred by naming as defendant Smoky Mountain Resorts, whom she believed was the owner of Governor's Inn, instead of Hotel Partners. Plaintiff states that her intent has always been to sue the owner of the Governor's Inn and she believed that the Governor's Inn was owned by Smoky Mountain Resorts as evidenced by the Smoky Mountain Resorts website which lists Governor's Inn along with six other hotels. Plaintiff states she was mistaken and should have named Hotel Partners, a Tennessee general partnership that does business as Governor's Inn. Plaintiff further states that Hotel Partners is believed to be an affiliated entity of Smoky Mountain Resorts. Plaintiff avers that the two share the same post office box in Pigeon Forge, Tennessee. Based upon the affiliation of the two parties, it can be reasonably inferred that Hotel Partners received notification of this suit when Smoky Mountain Resorts was served with the Amended

Complaint. Therefore, plaintiff asserts she should be granted leave to file her Third Amended Complaint naming Hotel Partners as defendant in place of Smoky Mountain Resorts and the amendment should relate back to the filing of the original complaint.

### III. Analysis

Rule 15(c) of the Federal Rules of Civil Procedure provides that a plaintiff may amend her complaint to change the party or the naming of the party against whom a claim is asserted and that amendment will relate back to the date of the original pleading if: (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth, in the original pleading; (2) the added party received notice of the suit in the 120 days following the filing of the original complaint; (3) the notice was such that the added party will not be prejudiced in maintaining a defense on the merits; and (4) the added party knew or should have known that but for a mistake of the identity of the proper party, the action would have been brought against it. F.R.C.P. 15(c); *Moore v. City of Harriman*, 272 F.3d 769, 774 (6th Cir. 2001).

The court finds that the issue to be decided in this case is squarely on point with the Supreme Court's decision in *Krupski v. Cosa Crociere S*.p.A., 130 S.Ct. 2485 (2010). In *Krupski*, the plaintiff was injured while on board a cruise ship. Plaintiff's passenger ticket, which constituted the contract between the parties, listed Costa Crociere S.p.A. as the operator of the ship. However, the ticket also listed Costa Cruise Lines N.V. on the ticket as sales and marketing agent for Costa Crociere. Plaintiff filed suit against Costa Cruise, rather than Costa Crociere. Following expiration of the limitations period,

Costa Cruise informed plaintiff it was not the proper defendant. Costa Cruise moved for summary judgment on this ground. Plaintiff then sought leave to amend her complaint, explaining her confusion as a result of the prominent display of Costa Cruise on the travel documents, the fact Costa Cruise's website list Costa Cruise as the U.S. office for Costa Crociere, and the Florida Department of State's website listing Costa Cruise as the only "Costa" company registered to do business in the state. The district court concluded the amendment did not relate back under Rule 15(c) because the word "mistake" should not extend to deliberate decisions made by a plaintiff in deciding whom to sue. The Eleventh Circuit affirmed, concluding the plaintiff knew or should have known Costa Crociere was the correct party based on the information on the ticket.

The Supreme Court reversed, holding that "the question under Rule 15(c)(1)(C)(ii) is not whether the plaintiff knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error." *Id.* at 2493. The Court further stated that a "deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." *Id.* The court went on to note that the purpose of the relation back doctrine is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Id.* Although repose is an important interest for defendants who believe the limitations period has passed, "repose would be a windfall for a prospective defendant who understood or who should have understood, that he escaped suit during the limitations period only because

5

the plaintiff misunderstood a crucial fact about his identity." *Id.* Because the facts in *Krupski* established a mistake on the part of the plaintiff in deciding which entity to sue, the court concluded the amendment satisfied Rule 15(c).

Defendant argues against application of the relation-back doctrine relying on Sixth Circuit precedent establishing that the addition of a party creates a new cause of action and therefore does not relate back to the date of the original filing. Because plaintiff added Hotel Partners in her Second Amended Complaint, rather than substituting Hotel Partners for Smoky Mountain Resorts, defendant asserts that action precluded any later amended complaint from relating back to plaintiff's original complaint.

Defendant is correct that Sixth Circuit precedent holds that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *In re Kent Holland Die Casting & Plating,* 928 F.2d 1448, 1449 (6th Cir. 1991). Such an amendment "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court." *United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co.,* 359 F.2d 521, 523 (6th Cir. 1966). Such a case exists where, for example, a plaintiff attempts to add entities uncovered during discovery that would qualify as defendants in the case. *See Venezia v. 12th & Division Properties, LLC,* 2010 WL 3122787, at *3 (M.D.Tenn. Aug. 6, 2010). Use of Rule 15(c) in that instance is prohibited, because it creates a new cause of action against a new party outside of the limitations period.

6

The cases cited by defendant involve situations of this type, where a plaintiff seeks to add defendants for substantive reasons, such as asserting new claims against them or seeking compensation from them. Defendant's argument relies on the Second Amended Complaint's "addition" of Hotel Partners rather than "substitution" for Smoky Mountain Resorts. However, the court sees no reason plaintiff's Second Amended Complaint, or proposed Third Amended Complaint, does not rectify this problem. It is clear plaintiff is not attempting to add Hotel Partners to assert a new claim or to seek a second defendant by whom she could be compensated. To the contrary, plaintiff is attempting now to substitute Smoky Mountain Resorts with Hotel Partners, the true owner of Governor's Inn. Defendant's argument conflicts with the "the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 130 S.Ct. at 2494.

Similarly, this court has found that amended pleadings relate back to the original date where an amendment involved correcting a misnomer or misidentification, rather than attempting to add a new party. *See Azzolini v. Corts Trust II for Provident Fin. Trust I,* 2005 WL 2253971 (E.D.Tenn. Sept. 16. 2005) (where misidentification is clearly at play, this court will find an amended complaint relates back to the original filing, even where a party is technically "added"); *see also, State Farm Mut. Auto Ins. v. BMW of N. Am. LLC*, 2009 WL 2447574 (E.D.Mich. Aug. 7, 2009) (amended complaint merely "rectifies" State Farm's misidentification of defendant).

7

Here, it is clear plaintiff was attempting to sue the correct party, not to add a new party against whom she could assert new claims. First, the claim asserted against Hotel Partners clearly "arises out of the conduct, transaction, or occurrence" set out in the original complaint. Plaintiff's claim arises out of the injuries she sustained while on Governor's Inn premises. Plaintiff wishes to amend her complaint to correct her mistaken belief that Smoky Mountain Resorts was the owner of Governor's Inn. The claim is exactly the same, only the proper party is named.

Second, it is reasonable to assume that Hotel Partners received notice of the suit in the 120 days following the filing of the original complaint. Hotel Partners and Smoky Mountain Resorts are shown to be affiliated in some way if not controlled by the exact same individuals and/or entities. They share the same post office box in Pigeon Forge, Tennessee. Moreover, Smoky Mountain Resorts' website lists six other hotels in addition to Governor's Inn. All of these hotels appear to be affiliated or controlled by the same individuals and/or entities and share the same post office box as Smoky Mountain Resorts and Hotel Partners. Thus, it can reasonably be implied that Hotel Partners had constructive, if not actual, notice of this suit when Smoky Mountain Resorts was served with a copy of the original complaint.

Third, Hotel Partners will not be prejudiced in maintaining a defense on the merits. Discovery has not taken place and Hotel Partners will have sufficient time to defend this action and will not be prejudiced in any way. Fourth, Hotel Partners knew or should have know that but for the plaintiff's mistaken belief that Smoky Mountain Resorts

was the owner of Governor's Inn this suit would have originally been brought against Hotel Partners. Plaintiff has consistently maintained that she is pursuing a claim against the owner of the Governor's Inn for injuries she sustained while a guest at the Governor's Inn. Plaintiff would have brought this action against Hotel Partners if not for her mistaken belief as to ownership.

## IV. Conclusion

For the foregoing reasons, defendant Hotel Partners' motion to dismiss [Doc. 28] is **DENIED,** and plaintiff's motion to amend complaint [Doc. 34] is **GRANTED.**

Plaintiff is **DIRECTED** to file her Third Amended Complaint with the Clerk within ten (10) days of entry of this Memorandum and Order.

**IT IS SO ORDERED.**

                                              **ENTER:**

                                                s/ Thomas W. Phillips
                                              United States District Judge