UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| BETTY J. PELFREY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:10-CV-483 (VARLAN/GUYTON) |
| HOTEL PARTNERS, d/b/a GOVERNOR'S INN, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff has brought this action for injuries suffered when she slipped and fell while a guest of Governor's Inn in Sevierville, Tennessee on November 16, 2009. Defendant has moved to dismiss Plaintiff's Third Amended Complaint for failure to state a claim upon which relief can be granted. Defendant asserts that Plaintiff's Third Amended Complaint does not meet the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure and in *Bell Tel. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, Defendant asserts that Plaintiff has only made conclusory statements without any basis for liability against Hotel Partners. Plaintiff has alleged no facts as to how she slipped and fell or why she fell, therefore, she has failed to meet the causation requirements for her claim.

Plaintiff responds that her Third Amended Complaint alleges that as a result of a hazardous condition on Governor's Inn premises, she fell getting out of a recessed bathtub and sustained serious injuries; the hazardous condition was caused by, and

known to, Governor's Inn; and caused her injuries. Because the Court finds that Plaintiff has alleged sufficient facts to state a claim against Hotel Partners, Defendant's motion to dismiss will be denied.

**I.      Standard of Review**

The Federal Rules of Civil Procedure require that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief." *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The Court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops. Inc.,* 859 F.2d 434 (6th Cir. 1988). "The complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Id.*

## II. Analysis

In her Third Amended Complaint, Plaintiff alleges that she was injured while exiting a recessed bathtub at the Governor's Inn hotel. She claims that she slipped and fell, injuring her right hip. Plaintiff claims that Hotel Partners breached its duty of care "in failing to install a non-slip surface floor," "in failing to install railing along the walls of the tub for gripping," "in failing to exercise reasonable care to correct the conditions described herein," and "in failing to warn the plaintiff either verbally or by posting any warning sign as to the existence of the above-described conditions." [Doc. 37]. Defendant argues that these facts are insufficient to establish liability against Hotel Partners. The court disagrees.

Under Tennessee law, a negligence claim requires a plaintiff to prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact: and (5) proximate causation." *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998). Further, although business owners "are not insurers of their patrons' safety, they are required to use due care under the circumstances." *Martin v. Washmaster Auto Center, USA*, 946 S.W.2d 314, 318 (Tenn.Ct.App. 1996). In order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, it must be shown that the condition (1) was caused or created by the owner, operator, or his agent; or (2) if the condition was created by someone other than the owner, operator, or his agent, there must

be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident. *Id.*

Here, it is clear that Plaintiff is suing for damages she sustained when she fell exiting a recessed tub in Defendant's hotel, and that Plaintiff alleges Defendant breached its duty of care by failing to install a non-slip floor surface and/or railings, failing to correct these conditions, and failing to warn Plaintiff of these conditions. The alleged lack of safety railings and warnings are conditions under the control of Hotel Partners. The Court finds that the Third Amended Complaint alleges facts sufficient to state a claim for which relief may be granted. This case involves a permanently hazardous condition that existed on Defendant's property. Plaintiff is not alleging that Defendant is liable because the floor was wet. She alleges that Defendant is liable because it did not install railings and/or a non-slip floor surface or warn of such conditions. *Twombly* requires a complaint to state a plausible claim, and the Court finds that Plaintiff has met that burden. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.* Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Defendant's arguments that Hotel Partners does not know how Plaintiff slipped and fell and does not know what caused Plaintiff to fall are subjects that are more properly the subject of discovery and/or a motion for summary judgment, not a motion to

dismiss. At this juncture in the proceedings, Plaintiff has alleged a viable claim and Defendant's motion to dismiss [Doc. 41] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE